IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL EDWARD FISHER,

    Plaintiff,

v.                                             Case No. 11-cv-1071-JPG

JOHN MONET and MARNIE RABER,

    Defendants.

## MEMORANDUM AND ORDER

    Plaintiff, currently incarcerated at Effingham County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff makes several general allegations against defendants.

    First, plaintiff complains that defendants denied him access to the court by not allowing him access to the law library. One of his requests for access to the library was denied, and on an occasion that he did receive a library book it was out of date. Next, plaintiff complains about the phone system at the Effingham County Jail. Specifically, he has requested but been unable to secure a telephone call with his attorney on a phone that is not recorded. He also complains of the costs of calls at the jail, which are fifty cents per minute. Next, plaintiff alleges that inmates are locked down twenty-four hours a day and not allowed any exercise. He also complains of inadequate medical care at the jail. He does not allege a specific occasion on which he was denied adequate medical care, but generally complains that the jail does not provide medical services and inmates are exposed to diseases. Finally, plaintiff alleges that the food at the jail does not meet health department requirements causing bacteria to grow on the food. Further, he alleges that the food is not sufficiently nutritional.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting plaintiff's allegations as true, the Court finds that plaintiff has articulated a colorable federal cause of action:

**Count 1:** A claim against defendants Monet and Raber for denying plaintiff access to the courts when they denied plaintiff access to a law library.

**Count 2:** A claim against defendants Monet and Raber for violation of his Sixth Amendment rights when they monitored his attorney phone calls and charged excessive fees for those calls.

**Count 3:** A claim against defendants Monet and Raber for violation of his constitutional right to be free from cruel and unusual punishment in relation to his conditions of confinement when plaintiff was kept in 24-hour lockdown.

**Count 4:** A claim against defendants Monet and Raber for violation of his constitutional rights when plaintiff was denied the opportunity to exercise while he was on 24-hour lockdown.

**Count 5:** A claim against defendants Monet and Raber for deliberate indifference to medical needs.

**Count 6:** A claim against defendants Monet and Raber for violation of his Eighth Amendment rights when they failed to provide him sanitary and nutritionally sufficient food.

Defendants Monet and Raber are dismissed from Count One without prejudice for the following reason. Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817 (1977). This right of access extends to pretrial detainees as well as convicted prisoners. *See Casteel v. Pieschek,* 3 F.3d 1050, 1053 (7th Cir. 1993).

> The mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed . . . [A] prisoner's complaint [must therefore] spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  Here, plaintiff generally complains about inadequate library services.  However, he does not even hint that the inadequate law library access prevented him from accessing the courts.  Accordingly, as to Count One, plaintiff fails to plead an allegation plausibly suggesting a right to relief.

Defendants Monet and Raber are dismissed from Count Five without prejudice for the following reason.  Deliberate indifference to medical needs may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To establish such a claim, the deprivation must meet both objective and subjective elements.  *Farmer v. Brennan*, 511 U.S. 825 (1994).  Here, however, plaintiff fails to allege that he suffered from a serious medical condition that the prison officials failed to treat.  Rather, he just generally complains about the availability of medical attention.  Accordingly, as to Count 5, plaintiff fails to plead an allegation plausibly suggesting a right to relief.

**Disposition**

The following defendants remain in the instant action:  Monet and Raber.

The Clerk of Court shall prepare for defendants Monet and Raber:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel.  If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding

4

that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** September 5, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
